**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | |
|---|---|
| In re<br><br>ANDREW J. COSTA,<br><br>            Debtor<br>_____<br><br>GILBERT C. SULLIVAN,<br><br>            Plaintiff<br><br>v.<br><br>ANDREW J. COSTA,<br><br>            Defendant | Chapter 7<br>Case No. 11-10672<br><br><br><br><br>Adversary Proceeding<br>No. 11-1333 |

**MEMORANDUM OF DECISION ON
(1) DEFENDANT'S MOTION TO DISMISS,
(2) PLAINTIFF'S MOTION TO AMEND COMPLAINT, AND
(3) PLAINTIFF'S MOTION TO EXTEND TIME FOR FILING ADVERSARY COMPLAINT**

The plaintiff, creditor Gilbert C. Sullivan (the "Plaintiff"), brought this adversary proceeding to determine the dischargeability of a debt under 11 U.S.C. § 523(c). The defendant, debtor Andrew J. Costa (the "Debtor"), promptly moved to dismiss the complaint as untimely under Fed. R. Bankr. P. 4007(c). In response, the Plaintiff brought two motions: one asking for leave to amend his complaint to add several counts under 11 U.S.C. § 727(a), each new count being an objection to the Debtor's discharge; and another for permission to extend the time to file complaints under §§ 523(c) and 727(a). For the reasons set forth below, the Court will dismiss this adversary proceeding and deny the motions to amend the complaint and to extend time to file complaints.

**FACTUAL BACKGROUND**

On January 28, 2011, the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code, thereby commencing the case in which this adversary proceeding arises. The first date set for the first meeting of creditors was February 24, 2011. Accordingly the initial deadline for filing complaints to object to discharge and to determine the dischargeability of certain debts was April 25, 2011. *See* Fed. R. Bankr. P. 4004(a), 4007(c) (in both instances specifying that complaints within their purview "shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)"). At the Debtor's own request, this deadline was extended for the benefit of all creditors to May 31, 2011. On May 20 and August 10, 2011, the Plaintiff filed timely motions to further extend the deadline for himself, and these motions were allowed, further extending the deadline for the Plaintiff first to August 15, 2011, and then to September 15, 2011.

When that date had come and gone, the Plaintiff had filed no further motion to extend. By way of explanation for the missed deadline, the Plaintiff has offered the explanation that, when the deadline expired, he was in the process of transitioning from one attorney to another; he was unable to secure successor counsel until after the time expired. He argues that the resulting lapse in the deadline was the result of excusable neglect.

On October 4, 2011, almost a month after the deadline, he filed another motion to extend. The Debtor filed an objection the next day, arguing that the time to file a complaint objecting to discharge or to determine the dischargeability of certain debts had expired. Soon after, without comment or a hearing on the Debtor's objection, the Court granted the Plaintiff's motion, further extending the deadline for the Plaintiff to November 22, 2011. This order was entered by administrative error, apparently without awareness that the Debtor had filed an objection. The Court's standard practice upon receiving an objection of this nature is to set the matter for a hearing. Nonetheless, the Court did

2

grant the motion, and the Plaintiff filed the complaint commencing this adversary proceeding on November 21, 2011.

The Plaintiff's complaint asserted only counts under 11 U.S.C. § 523 to determine the dischargeability of a debt.  In one count, the basis of nondischargeability is identified as paragraph (a)(2) of § 523; the other counts do not cite a specific paragraph of § 523(a) but in each instance the alleged bases are fraudulent misrepresentations.  In the complaint's introductory paragraph, the Plaintiff indicated that he was also thereby seeking an order under 11 U.S.C. § 727 prohibiting the discharge of the Debtor, but the complaint in fact contained no objection to discharge.   In his answer, the Debtor (i) observed that the complaint included no count under § 727(a) and (ii) asserted as an affirmative defense that the complaint was not timely filed and therefore is time-barred.

By a series of five separate motions, the chapter 7 trustee, too, sought and obtained extensions of time for the trustee to object to the Debtor's discharge, ultimately to March 23, 2012.  Each motion asked that the time be extended "for the trustee" and did not ask for an extension as to any other party.  Each motion was granted, and in each instance but one the order specified that the time was being extended "for the trustee."  The other order did not so specify but merely granted the motion and in effect did the same.  These orders did not extend the time to object to discharge for any party other than the trustee.

The parties then filed, in sequence, the motions that are the subject of this decision.  First, the Plaintiff, realizing his error, asked for leave to amend his complaint to add the absent counts under § 727(a).  Second, the Debtor filed a motion to dismiss the adversary complaint on the basis that it was untimely filed.  Third, the Plaintiff filed a motion to extend the time for filing complaints under §§ 523(c) and 727(a) *nunc pro tunc*, calling upon the equitable power of this Court under 11 U.S.C. § 105(a).

3

**DISCUSSION**

a.   **The Extension Order**

As a preliminary matter, the Court must address its October 21, 2011 Order extending time for the Plaintiff to file complaints under §§ 523(c) and 727(a).  That order was entered by administrative error, the Court having been unaware of the Debtor's timely filed objection to it.  The order was thus entered without the Debtor's having been afforded the benefit of consideration of his objection.  The order is therefore obviously infirm from the standpoint of due process.  Moreover, the order is not yet final and would not be subject to appeal by the Debtor until it resulted in an adverse judgment against him.  Accordingly, in the present proceedings, the Court will treat the order as subject to reconsideration de novo in light of Debtor's objection to that motion.

The Plaintiff argues that he has relied on the order—by subsequently filing the complaint commencing this adversary proceeding—and therefore that the court may not now reconsider it.  His suggestion that he relied on the order is unfounded, at least insofar as he implies that his reliance has made any difference.  By the time he filed the motion on which that order was entered, the time for him to file a complaint objecting to discharge or to determine the dischargeability of a debt had already lapsed.  For the reasons set forth below, that is the dispositive fact.  Nothing the Plaintiff did in reliance on the extension order could have altered that dispositive fact.  I need not determine whether reliance should preclude reconsideration because there was no reliance that made a difference.

b.   **The Debtor's Motion to Dismiss**

The Debtor has moved for dismissal based on the contents of the pleadings.  Accordingly, the Court will treat the motion as one under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings.  On a Rule 12(c) motion, the court must accept the factual assertions in the complaint as true and draw all reasonable inferences in favor of the nonmoving party.  *Rivera-Gomez v. Castro*, 843 F.2d

4

631, 635 (1st Cir. 1988). A court must deny the motion unless it is beyond doubt that the plaintiff has no ability to prove facts in the complaint entitling him to relief. *Id*. At least where the facts are undisputed, a Rule 12(c) motion is a proper vehicle for seeking dismissal on the basis of an affirmative defense that the claim is time-barred. *See* 5C Charles Alan Wright and Arthur R. Miller, *Federal Practice & Procedure* § 1367 (3d ed. West 2012). In this instance, the dispositive facts are matters of record in the Debtor's bankruptcy case and this adversary proceeding, and there is no dispute as to those facts.

Section 523(c) of the Bankruptcy Code provides in relevant part that "the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge." 11 U.S.C. § 523(c)(1). Bankruptcy Rule 4007(c) establishes the time within which a complaint required by § 523(c)(1) must be filed. This rule requires that "a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr. P. 4007(c). A party may move to extend this deadline, but the rule explicitly requires that "the motion shall be filed before the time has expired." Additionally, Rule 4007(c) must be read in conjunction with Rule 9006(b)(3), which permits a bankruptcy court to enlarge the time for taking action under Rule 4007(c) "only to the extent and under the conditions stated in [that] rule[]." Fed. R. Bankr. P. 9006(b)(3).

Consequently, Rules 4007(c) and 9006(b)(3) operate mechanically to preclude a court from granting an extension of time to file a complaint required by § 523(c) unless the plaintiff has complied with the requirement in Rule 4007(c) that a motion to extend be filed before the time has expired. Here, the Plaintiff has simply failed to follow the rule; the period for filing a motion to extend the time within which to bring a § 523(c) complaint expired on September 15, 2011. The Plaintiff did not file another extension motion until October 10, 2011, after the time had expired. Other courts have strictly construed the plain meaning of Rule 4007(c), and so shall this Court. *See Francis v. Eaton* (*In re Eaton*),

5

327 B.R. 79, 81 (Bankr. D.N.H. 2005) ("Rule 9006(b)(3) provides that the Court may not enlarge the time to file a complaint under Rule 4007(c) for any reason outside of the provisions of Rule 4007(c)"). Because the complaint was untimely filed, the Court will grant the Debtor's motion to dismiss the counts contained in the initial complaint.

**c.     Plaintiff's Motion to Amend the Complaint**

Next, the Court must consider the Plaintiff's motion to amend the complaint to add counts under § 727(a) to object to the Debtor's discharge.  The Court must deny this motion for the same reasons it granted the motion to dismiss: any claims now brought under § 727(a) are untimely by virtue of Bankruptcy Rule 4004(a) and (b).  Paragraph (a) of Rule 4004 requires that a party intending to file a complaint objecting to discharge do so "no later than 60 days after the first date set for the meeting of creditors under § 341(a)."  Paragraph (b) of this rule governs extensions of the 60-day period.  Rule 4004(b)(1) requires that a party ask for such an extension by motion and directs that "the motion shall be filed before the time has expired."[1]

Rules 4004(a) and (b) operate as does Rule 4007(c).  Both rules contain the same language with respect to filing deadlines.  Additionally, Rule 9006(b)(3) operates in the same manner with respect to the deadline in Rule 4004(a) as it does with respect to the deadline in Rule 4007(c): it specifies that a court may extend the deadline in Rule 4004(a) "only to the extent and under the conditions stated in [that] rule[]." Fed. R. Bankr. P. 9006(b)(3).  Courts routinely construe Rules 4004(b) and 4007(c) as operating identically.  *See e.g. Kontrick v. Ryan*, 540 U.S. 443, 448 n.3 (2004) (observing that because of

---

[1] Rule 4004(b) has recently been amended to permit a motion to extend the time to object to discharge to be filed after the time has expired in certain limited circumstances.  Specifically, the motion "may be filed after the time for objection has expired and before discharge is granted if (A) the objection is based on facts that, if learned after the discharge, would provide a basis for revocation under § 727(d) of the Code, and (B) the movant did not have knowledge of those facts in time to permit an objection."  Fed. R. Bankr. P. 4004(b)(2) (amendment effective Dec. 1, 2011).  The amendment has no application here because Plaintiff does not invoke it and does not allege the discovery of new facts.

6

the practical identity in the timing requirements as to complaints under §§ 523(c) and 727(a), courts have considered decisions construing those timing requirements together); *Torrez Vazquez v. Prego Cruz* (*In re Prego Cruz*), 323 B.R. 827, 831 (1st Cir. B.A.P. 2005) (analyzing the timing requirements of Rules 4004(b) and 4007(c) jointly).  Here, the Plaintiff did not bring his amended counts within the time allotted in Rule 4004, which expired on September 15, 2011.  Accordingly, the requirements of Rule 4004 would bar the counts with which the Plaintiff would amend his complaint.  The Court will therefore deny leave to amend on the basis that the proposed amendments are time-barred and would for that reason be futile.[2]

### d.    Plaintiff's Motion to Extend Time to File a Complaint

Upon realizing that his motion to extend needed to have been filed before the time had expired, the Plaintiff filed a motion under Federal Rules of Bankruptcy Procedure 4004(a) and 9006 for an enlargement of time to file his adversary complaint, with the order to have *nunc pro tunc* effect.  It is unclear from the motion whether the Plaintiff is asking that the time be enlarged to November 22, 2011, or that the order be effective as of that date.  By later briefs filed in support of the motion, it has become clear that (i) he is seeking an extension of time to file both his original complaint and the counts under § 727(a) with which he would amend it and (ii) he is arguing that, on various grounds, he is entitled to such an extension notwithstanding that it was requested after the time expired.   He argues that there are six independent grounds on which the Court can afford him this treatment:  (i) that his failure to act before the deadline was the result of excusable neglect; (ii) that 11 U.S.C. § 105(a) permits the court to disregard and override the express limitations on the court's power to extend that are set forth in Fed. R. Bankr. P. 4004(b), 4007(c), and 9006(b)(3); (iii) that the time limits in Rules 4004(b) and

---

[2] The Plaintiff's additional arguments concerning the relation back doctrine—that the amended counts are timely because they "relate back" to the date of the initial complaint—are without merit.  I need not determine whether the counts to be added would relate back to the date of the original complaint; even if they did relate back, they would still be time-barred, the original complaint having itself been filed after the time had expired.

4007(c) are not jurisdictional, may therefore be waived, and were waived by virtue of failure of the Debtor's failure to assert them in a motion to dismiss that expressly referenced Fed. R. Civ. P. 12(b)(6); (iv) that the Court did in fact grant the Plaintiff's motion to extend the filing deadline, and the Plaintiff relied on that order by filing a complaint, warranting enforcement of the order notwithstanding that it was entered in error; (v) that the time limits in Rules 4004(b) and 4007(c) are subject to equitable tolling; and (vi) that the Court's orders extending the time for the chapter 7 trustee to object to discharge through March 23, 2012, may be deemed to have extended that deadline for the benefit of all creditors. The Court will address these in turn.

### 1.    Excusable Neglect

As a general rule, Rule 9006(b)(1) permits a court, for cause shown and in its discretion, to extend the time within which an act must be done "on motion made after the expiration of the specified period . . . where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(1). That general rule, however, is prefaced by the language "except as provided in paragraphs (2) or (3) of this subdivision." As described above, "paragraph (3) of this subdivision" makes clear that general rule has no application to the time limits established by Rules 4004(a) and 4007(c). Rather as to those time limits, Rule 9006(b)(3) states that the court may enlarge the time for taking action under those rules "only to the extent and under the conditions stated in those rules." Fed. R. Bankr. P. 9006(b)(3). Rules 4004 and 4007 in turn require that a motion for enlargement, for whatever cause, be filed before the time has expired. Accordingly, a court does not have discretion to grant a motion to extend on the basis of excusable neglect where that motion is filed after the time has expired. The argument based on excusable neglect is therefore of no help to the Plaintiff.

**2.      11 U.S.C. § 105(a)**

The Plaintiff argues that 11 U.S.C. § 105(a) permits the court to disregard and override the express limitations on a court's power to extend that are set forth in Fed. R. Bankr. P. 4004(b), 4007(c), and 9006(b)(3). The Court disagrees. Section 105(a) of the Bankruptcy Code expressly authorizes the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provision of this title." 11 U.S.C. § 105(a). It is well-settled, however, that "section 105(a) may not be invoked where the result of its application would be inconsistent with any other Code provision or it would alter other substantive rights set forth in the Code." *Ameriquest Mortgage Co. v. Nosek* (*In re Nosek*), 544 F.3d 34, 44 (1st Cir. 2008). "The authority bestowed thereunder may be invoked only if, and to the extent that, the equitable remedy dispensed by the court is necessary to preserve an identifiable right conferred elsewhere in the Bankruptcy Code." *In re Jamo*, 283 F.3d 392, 403 (1st Cir. 2002). The Plaintiff has offered no reason why this case should not be resolved by the usual application of Federal Rules of Bankruptcy Procedure 4004(b), 4007(c), and 9006(b)(3). Rather, his pleading of excusable neglect suggests that this matter falls well-within the competence of the usual rules, with a clear (albeit unfortunate) outcome for the Plaintiff.

**3.      Waiver**

The Plaintiff next argues that the Debtor waived his right to contest the timeliness of the complaint by failing to bring a motion under Fed. R. Civ. P. 12(b)(6) to dismiss the complaint as untimely. The Plaintiff supports this argument with a citation to *Kontrick v. Ryan*, 540 U.S. 443, 459-60 (2004). *Kontrick* stands for the proposition that the time limits in Rules 4004(b) and 9006(b)(3) are not jurisdictional and for that reason may be waived if not timely asserted. The Plaintiff contends that it stands for the further proposition that the defense of untimeliness under these rules will be deemed waived if not first asserted in a timely motion under Rule 12(b)(6). The decision does not support that

9

reading. In *Kontrick*, the defense was deemed waived because it was first raised only after the party had litigated and lost the case on the merits. *Kontrick* itself states: "Ordinarily, under the Bankruptcy Rules as under the Civil Rules, a defense is lost if it is not included in the answer or amended answer." *Id*. at 459. The Debtor in the present case raised the defense in his answer. He has not waived it.

### 4. Reliance

The Plaintiff further argues that where the court did in fact grant the Plaintiff's motion to extend the filing deadline, and the Plaintiff relied on that order by filing a complaint, the order should be enforced notwithstanding that it was entered in error. The Court addressed this argument above and need not reiterate it here. There was no reliance that made a difference, the dispositive lapse having occurred before entry of the erroneous order.

### 5. Equitable Tolling

The Plaintiff next argues that the time limits in Rules 4004(b) and 4007(c) are subject to equitable tolling. Whether these time limits are subject to equitable tolling is not a settled question, but the Court need not resolve that question here.[3] The doctrine of equitable tolling allows a court to deem a statute of limitations tolled where extraordinary or misleading circumstances cause a party to miss a deadline. *Ortega Candelaria v. Orthobiologics, LLC*, 661 F.3d 675, 679-81 (1st Cir. 2011) (limitations period was equitably tolled where one party prevented the timely filing of an ERISA claim by its misleading conduct). Even if equitable tolling were possible, the Plaintiff has not alleged facts that would permit tolling. Instead he contends he missed the deadline as a result of confusion arising from his decision to seek new legal counsel. Cases where courts have applied equitable tolling are based on

---

[3] At least one court in this circuit has held that, where a party has failed to file a dischargeability complaint by the deadline, a strict reading of Bankruptcy Rules 4007(c) and 9006(b)(3) precludes altogether the application of the equitable tolling principle. *See Francis v. Eaton* (*In re Eaton*), 327 B.R. 79, 85 (Bankr. D. N.H. 2005).

markedly different facts. *See e.g. Erie Ins. Co. v. Romano* (*In re Romano*), 262 B.R. 429, 432 (Bankr. N.D. Ohio 2001) (creditor did not find out about debtor's fraudulent conduct until after discharge and thus had no knowledge of potential § 523(c) complaint before deadline expired). As a matter of law, the facts alleged by the Plaintiff do not constitute the extraordinary circumstances required to apply the doctrine of equitable tolling.

      **6.**      **Time Extended by Orders on Trustee's Motions**

The Plaintiff's final argument is that, by operation of the Court's orders granting successive motions by the chapter 7 trustee to extend the time to object to discharge, ultimately to March 23, 2012, the time should be deemed extended not only for the trustee but also for all creditors. On the basis of this reasoning, the Plaintiff would have the Court conclude that his proposed counts objecting to discharge were timely filed.

A brief review of the docket in this case shows this argument to be implausible. The trustee filed a series of five motions to extend the time to object to discharge. Each expressly asked that the time to be extended "for the trustee" and did not request an extension for any other party in interest. Four of the five orders that extended the time for the trustee to file a complaint objecting to discharge expressly extended the time "for the trustee" and for the trustee alone. The fifth order did not specify "for the trustee" but merely granted the extension requested, which itself was "for the trustee." There is no reasonable basis upon which the orders granting extensions to the trustee can be deemed to have extended the time for the benefit of any other party.

Each of Plaintiff's arguments having fallen short, the Court will deny the Motion to Extend Time to File Complaint.

**CONCLUSION**

For the foregoing reasons, the court will enter a separate order that denies Plaintiff's motion to amend his complaint to add § 727(a) counts, denies Plaintiff's *nunc pro tunc* motion to extend time for filing adversary complaints under §§ 523(c) and 727(a), and dismisses the adversary complaint with prejudice.

Date: May 29, 2012

_____
Frank J. Bailey
United States Bankruptcy Judge